Ms. Sheila Garner, Personnel Officer State Building Services 1515 Building, Suite 700 1515 West Seventh Street Little Rock, Arkansas 72201
Dear Ms. Garner:
This is in response to your request for an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), on whether your decision to release the personnel file of a former employee of State Building Services is consistent with the provisions of the Arkansas Freedom of Information Act or ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (1987 and Supp. 1995). You state that you have reviewed the file and feel that all documents can be released except for financial, medical, and scholastic records. You also state that you feel that the employee's letter of resignation should be exempt because it is more personal in nature than "business related." The employee in question has objected to the release of the entire file on the basis that its release would be a "gross invasion of privacy." You have enclosed with your request the relevant letter of resignation and asked for my opinion on the legality of releasing it,[1] and for an opinion "on the rights of a former employee's refusal to release documents on the basis of gross invasion of privacy."
It is my opinion that your decision with regard to the nondisclosure of the letter of resignation is consistent with the FOIA.
Under the FOIA, all records kept by public agencies within the scope of public employment are presumed to be public records. A.C.A. § 25-19-103(2) (1987). The letter of resignation at issue is so kept, and is a "public record." It, however, is in my opinion covered by a specific exception in the FOIA. Subsection (b)(10) of A.C.A. § 25-19-105 provides that: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . Personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . . ." The letter of resignation in my opinion is properly classified as a "personnel record" for purposes of the FOIA. See, e.g., Ops. Att'y Gen. No. 95-162 and 95-169. The Arkansas Supreme Court has adopted a balancing test for determining whether the release of personnel records would constitute a clearly unwarranted invasion of personal privacy. The court has stated:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
 However, when applying federal FOIA privacy exemptions, the federal courts have found that a substantial privacy interest exists in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. [Citation omitted.]
308 Ark. at 598.
The language above has been referred to as a "two-step balancing process." See Watkins, The Arkansas Freedom of Information Act (mm Press 2d Ed. 1994) at 126. "As a threshold matter, the question is whether the information is of a personal or intimate nature sufficient to give rise to a substantial privacy interest. If that is so, the issue becomes whether that privacy interest is outweighed by the public's interest in disclosure." Id. It is my opinion that the information contained in the letter of resignation meets the first prong of the test. Throughout the letter, the information conveyed is of a personal and intimate nature. A substantial privacy interest therefore exists which must be weighed against the public's interest in disclosure of the record. It has been stated that the "public interest will ordinarily be great when there is a need for oversight to prevent wrongdoing or when the requested records would inform the public about agency misbehavior or other violations of the public trust. On the other hand, the public interest seems minimal if the records are of little interest to anyone but the requester, as is the case when the requester seeks the records for his own commercial benefit." Id. at 130. In this case, it does not appear that any allegation of wrongdoing exists, or in fact that the letter of resignation contains any details about the operation of the public agency. Rather, the content of the letter is personal in nature, conveying personal and intimate details of the employee's life. I cannot find the general public interest in knowing the reasons why public employees choose to resign sufficient to overcome the privacy interest raised by this particular letter of resignation. I therefore conclude that your decision to exempt it from disclosure is consistent with the FOIA.
In response to your remaining question, this office has stated on many occasions that the test for determining whether personnel records are exempt is an objective test, developed by case law, and the fact that a particular employee feels that the release of his records would amount to an invasion of privacy is not relevant to the analysis. See, e.g., Op. Att'y Gen. 93-055.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not asked my opinion as to the releasability of "financial records." There is no blanket exception in the Arkansas FOIA for "financial records" other than state income tax records. As such, the releasability of "financial records" should be determined with reference to any potentially applicable exception, e.g., § 25-19-105(b)(10), the exception for personnel records to the extent that release would constitute a clearly unwarranted invasion of personal privacy.